J-S41029-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM DARWIN THOMPSON | : | |
| | : | |
| Appellant | : | No. 111 WDA 2023 |

Appeal from the PCRA Order Entered December 21, 2022
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0001230-2003

BEFORE: PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.: **FILED: FEBRUARY 13, 2024**

Appellant, William Darwin Thompson, appeals from the order entered on December 21, 2022, dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

We briefly summarize the facts and procedural history of this case as follows. "[F]ollowing a jury trial [on May 4, 2007, the jury] convicted Appellant of two counts of second[-]degree (felony) murder [and one count each of] robbery, aggravated assault, theft by unlawful taking and receiving stolen property for his involvement in the robbery and brutal murder of Raymond and Marjorie Bracken in their home on March 19, 2002." ***Commonwealth v. Thompson***, 23 A.3d 586, at *1 (Pa. Super. 2010) (unpublished memorandum). On June 26, 2007, the trial court imposed two

_____

[*] Former Justice specially assigned to the Superior Court.

consecutive terms of life imprisonment for the two counts of second-degree murder with an additional consecutive term of 20 to 40 years of incarceration for robbery. We affirmed Appellant's judgment of sentence in an unpublished memorandum on December 17, 2010. *Id.* On September 14, 2011, our Supreme Court denied further review. *See Commonwealth v. Thompson*, 29 A.3d 797 (Pa. 2011). On October 18, 2011, Appellant filed a *pro se* PCRA petition. On October 31, 2011, the PCRA court appointed counsel to represent Appellant. Following the appointment of new counsel and the filing of various amended PCRA petitions, the PCRA court held an evidentiary hearing on May 29, 2018. In an opinion and order entered on December 21, 2022, the PCRA court denied relief and this timely appeal resulted.[1]

On appeal, Appellant presents the following issues[2] for our review:

---

[1] Hiram A. Carpenter, III, the PCRA court judge who authored the opinion and order denying relief on Appellant's claims for collateral relief, has now retired. On January 18, 2023, Appellant filed a timely notice of appeal. Thereafter, we received a letter from the Blair County Court of Common Pleas President Judge Elizabeth A. Doyle notifying this Court that the case was now reassigned to her and she intended to rely on Judge Carpenter's December 21, 2022 opinion instead of filing an opinion pursuant to Pa.R.A.P. 1925(a). As such, the PCRA court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

[2] We note that Appellant originally presented two additional issues to the PCRA court that were later withdrawn. *See* PCRA Court Opinion, 12/21/2022, at 4 and 16. Thus, we conclude that Appellant abandoned his ineffective assistance of counsel claims pertaining to Pa.R.Crim.P. 600 and chain of custody and find them waived. *See Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) (citation omitted) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim
*(Footnote Continued Next Page)*

- 2 -

A. Whether trial counsel was ineffective for failing to object [or] otherwise challenge the Commonwealth's failure to disclose the plea offer made to witness Stephen Espenlaub?

B. Whether trial counsel was ineffective for failing to properly challenge the credibility of witness Nicole Allhouse?

C. Whether trial counsel was ineffective for failing to properly challenge the autopsy report?

D. Whether trial counsel was ineffective for failing to be capital qualified at the time of trial?

E. Whether trial counsel was ineffective for failing to properly challenge scientific evidence offered against [Appellant]?

F. Whether trial counsel was ineffective for failing to properly challenge [or] object to the admission of unreliable DNA evidence?

G. Whether trial counsel was ineffective for failing to tell [Appellant] he could be convicted as an accomplice?

H. Whether trial counsel was ineffective for failing to properly cross[-]examine Commonwealth witnesses [to elicit] the Commonwealth's efforts to coerce them into testifying falsely, and failing to preserve it for appellate review?

I. Whether trial counsel was ineffective for failing to object to the admission of evidence of a bloody shoeprint, and failing to preserve the issue for appellate review?

J. Whether trial counsel was ineffective for failing to properly cross[-]examine an expert regarding tool marks?

K. Whether trial counsel was ineffective for failing to call [Billie Jo Tashe] as a witness[?]

---

is waived."); *see also* ***Commonwealth v. Heggins***, 809 A.2d 908, 912 (Pa. Super. 2002) (an issue identified on appeal but not developed in the appellant's brief is abandoned and, therefore, waived).

Appellant's Brief at 4-5.

We adhere to the following legal precepts:

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. This Court grants great deference to the factual findings of the PCRA court if the record contains any support for those findings. We review the court's legal conclusions *de novo*.

\* \* \*

Counsel is presumed to have rendered effective assistance.

To establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

***Commonwealth v. Washington***, 269 A.3d 1255, 1262–1263, *appeal denied*, 283 A.3d 1249 (Pa. 2022) (internal citations, quotations and brackets omitted).

Based upon review of the certified record, the parties' appellate briefs, the PCRA court's opinion,[3] and applicable law, we find that the PCRA court

_____

[3] Here, the PCRA court determined that trial counsel was effective. Regarding Appellant's claims pertaining to trial witnesses, the PCRA court first determined that Stephen Espenlaub testified at trial that "his plea deal [on unrelated charges] was sweeter than it actually was [and, therefore,] counsel could not possibly help his credibility with the jury" and Espenlaub's testimony
*(Footnote Continued Next Page)*

thoroughly and accurately addressed the merits of Appellant's issues in its opinion. Consequently, we affirm on the basis of the PCRA court opinion and

_____

actually "provided more reason [for him] to lie[.]" PCRA Court Opinion, 12/21/2022, at 6. Regarding trial witness, Nicole Allhouse, the PCRA court first noted that she "was an important witness at trial and that her credibility was very much at issue" but determined that trial counsel thoroughly cross-examined her and, "unequivocally" concluded that "no one hearing her testimony [] could fail to conclude that [Allhouse] had repeatedly been an unabashed liar [] on numerous occasions leading up to trial." *Id.* at 10 (emphasis omitted). Regarding Billie Jo Tashe, the PCRA court noted that she was Appellant's "girlfriend at the time of these homicides" but "clearly made herself unavailable; was clearly unwilling to cooperate as demonstrated by her disappearance; and offered the defense no testimony which would have been particularly helpful at trial." *Id.* at 22. Moreover, the PCRA court was unable to find anything "in the record where there [wa]s any showing or even suggestion that the Commonwealth attempted to coerce any witness [or] that suggested anyone testified falsely." *Id.* at 19. The PCRA court also determined that Appellant failed to plead and prove that trial counsel was not capital qualified at the time of trial and, instead, only offered evidence that trial counsel "was not qualified (for a period of time) in 2012" or "six or seven years **after** this trial." *Id.* at 11-12 (emphasis in original). The PCRA court further found that there was no merit to claims that trial counsel failed to properly challenge the admission of evidence, including the autopsy report, DNA and other scientific evidence, and expert testimony regarding a bloody footprint and tool marks. The PCRA court recognized that challenging the autopsy report was meritless because "the cause of death for both [] victims was abundantly clear from the photos of the scene – namely their throats were cut and [one victim] was also stabbed numerous times." *Id.* at 11. Moreover, the PCRA court noted that the DNA and scientific evidence entered into evidence at trial "was inconclusive and was the best evidence available to the defense to support a reasonable doubt." *Id.* at 13. Further, the PCRA court recognized that "no matter the strength (or weakness) of the DNA evidence, it was going to be admissible in this (or any) trial." *Id.* at 16. Finally, because Appellant always "denied any involvement" in the crimes and both the trial court and this Court on direct appeal concluded that a jury instruction regarding accomplice liability was appropriate and necessary in this case, the PCRA court determined that Appellant did not show how he was prejudiced or "how the case could have been tried differently." *Id.* at 18.

adopt it as our own. The parties are instructed to attach a copy of the PCRA court's December 21, 2022 opinion to all future filings regarding this appeal.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

FILED: 2/13/2024